# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:06CV301
## (1:03CR5)

| | |
|---|---|
| RAY LEE CASON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed September 21, 2006. For the reasons stated herein, Petitioner's motion is denied.

## I. PROCEDURAL HISTORY

On January 28, 2003, Petitioner was charged in a four-count bill of indictment with bank robbery, using a firearm during and in relation to a crime of violence, and the unlawful possession of a firearm in violation of 18 U.S.C. §§ 2113(a), 2113(d), § 924(c)(1)(A)(ii), and § 922(g). **Bill of**

**Indictment, filed January 28, 2003.** On March 4, 2003, after a trial by jury, Petitioner was found guilty on all four counts of the indictment. **Verdict Sheet, filed March 4, 2003**. On May 25, 2004, this Court sentenced Petitioner to a total term of 444 months imprisonment. **Judgment of Conviction in a Criminal Case, filed June 2, 2004**. On that same day, Petitioner filed a Notice of Appeal. **Notice of Appeal, filed May 25, 2004**. Petitioner's appellate counsel filed an *Anders*[1] brief; Petitioner filed a *pro se* supplemental brief in which he argued that he had received ineffective assistance of counsel; the district court violated his Sixth Amendment rights by imposing a sentence enhanced by a designation of career offender status on facts not alleged in the indictment, not admitted by him, and not found by a jury; and that the court erred by not treating the Guidelines as advisory. On July 26, 2005, the Fourth Circuit affirmed, by unpublished opinion, Petitioner's sentence and conviction; and the Petitioner's petition for *writ of certiorari* with the Supreme Court was denied November 28, 2005. ***United States v. Cason***, **148 F. App'x 148 (4th Cir.),** *cert. denied,* **126 S. Ct. 789 (2005)**.

---

[1] ***Anders v. State of California***, **386 U.S. 738 (1967).**

On September 21, 2006, Petitioner filed his timely § 2255 motion alleging: 1) the Court violated his constitutional rights by allowing the jury to see an un-redacted indictment which contained a reference to his prior conviction; 2) his right to testify was violated and his counsel was ineffective for not objecting on that basis; 3) the Court erred in allowing a non-violent escape to serve as a predicate offense for career offender; and 4) his appellate counsel was ineffective.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. **Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.** In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion. *Id.* Following such directive, the Court having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## III. ANALYSIS

Petitioner alleges that this Court violated his constitutional rights when the Court allowed the jury to have a copy of the Indictment, which contained a specific reference to his prior conviction, during their deliberations.  **Petitioner's Motion, at 5a.**  However, this assertion is incorrect.  Because the Petitioner and his attorney stipulated to the fact of his prior criminal conviction,[2] the undersigned redacted that criminal conviction from the face of the indictment which was used by the jury during its deliberations.  **See, Old Chief v. United States, 519 U.S. 172 (1997).**  Simultaneously with this order, the undersigned will file the original jury instructions which disclose that the indictment was so redacted.  As a result, the Petitioner's argument on this score is without merit.

The Petitioner also asserts that he chose not to testify in his own defense because the undersigned ruled during the trial that if he took the stand he could be cross-examined about his prior conviction for armed robbery.  **Id. at 5b, 5d.**  Petitioner further states that when the undersigned sent a copy of the Indictment containing the specific reference to his prior

---

[2] The parties stipulated to the fact that Petitioner was a convicted felon so as to satisfy that element of his § 922(g) charge.  **See Government Exhibit 1, "Stipulation: Prior felony conviction."**

armed robbery conviction with the jury for their deliberations, his sole rationale for not testifying was eliminated. *Id.* **at 5d.** However, as noted above, the Court did not provide the jury with a copy of the un-redacted indictment. And, the Court's ruling concerning the admissibility of the Petitioner's prior criminal conviction in the event of his testifying was not in error. **Fed. R. Evid. 609.**

Moreover, the Petitioner did not raise this issue on direct appeal. Claims that could have been raised on appeal, but were not, are procedurally defaulted. **See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal).** Consequently, Petitioner has procedurally defaulted his right to testify claim. To obtain review of a defaulted claim, a petitioner must first demonstrate either "cause and prejudice" or that he is actually innocent.[3] *Id.* **at 622 (internal citations omitted).** Ineffective assistance of counsel may constitute cause for default.[4] **See Wright v. Angelone, 151 F.3d 151, 160, n.5 (4th Cir. 1998)**

---

[3] Petitioner does not allege that he is actually innocent.

[4] The Petitioner asserts that his counsel was ineffective for failing to object to the sending of the Indictment with the jury for deliberations when it contained a specific reference to his prior conviction for armed robbery. Because the Court has shown that this did not occur, this claim is without

**(constitutional ineffective assistance of counsel establishes cause sufficient to excuse procedural default)**.

The Petitioner, therefore, claims that his attorney was ineffective by failing to object to the Court's ruling that if he took the witness stand, his prior criminal conviction would be admissible on cross-examination. The trial transcript, however, shows that his attorney did raise just such an objection; however, it was overruled. **Trial Transcript, filed July 12, 2004, at 5-7.**

Next, Petitioner asserts that this Court unconstitutionally violated his due process rights by using a "non-violent, walk-away escape from a non-secure facility" as a predicate offense for career offender status. **Petitioner's Motion, at 5e.** And, he alleges this Court erroneously determined that his felony escape conviction was violent by a preponderance of the evidence rather than by beyond a reasonable doubt standard. *Id.*

Petitioner challenged his Career Offender status on direct review on the basis of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). In denying his claim, the Fourth Circuit held "the record

---

merit.

[shows] that Cason has 'no legitimate defense to the career offender designation.'" **Cason, supra, at 149 (quoting United States v. Harp, 406 F.3d 242, 247 (4th Cir. 2005))**. The appellate court's ruling precludes this Court's review of Petitioner's career offender claims. **See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action)**.

Moreover, even if it were determined that Petitioner was not precluded from raising this issue, Petitioner has failed to state a claim. Petitioner challenges the finding that his state felony escape conviction qualified as a felony conviction for a crime of violence for purposes of career offender status. Felony escape does not contain an element of violence. **See N.C. Gen. Stat. § 148-45(b).** Nor is it one of the offenses defined within the Guideline pertaining to career offender classification. **U.S.S.G. § 4B1.2 , app. n.1.** Consequently, this Court must determine whether it is a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." **U.S.S.G. § 4B1.2(a)(2).** To conduct such an inquiry, a sentencing court must confine its factual inquiry to those facts charged in the indictment. **See United**

States v. Martin, 215 F.3d 470, 472-73 (4th Cir. 2000). If the sentencing court cannot glean the circumstances surrounding the defendant's commission of the crime from the indictment, the question becomes whether that crime in the abstract involves conduct that presents a serious potential risk of physical injury to another. *Id.* at 473. This Court cannot conclude from the Petitioner's generically-worded state court indictment[5] for felony escape that his offense was a crime of violence. Nonetheless, it is well-established that, in the abstract a felony escape conviction is a "crime of violence." **See United States v. Dickerson, 77 F.3d 774 (4th Cir. 1996) (escape in the abstract is a crime of violence); United States v. Hairston, 71 F.3d 115 (4th Cir. 1995) (analyzing crime of violence and North Carolina felony escape conviction).** Consequently, Petitioner's claim that this Court erroneously used his state felony escape conviction to establish his career offender status fails.[6]

Petitioner alleges that his appellate counsel was ineffective "for filing an Anders brief without first advising [Petitioner] and without [Petitioner's]

---

[5] This Court obtained a copy of the state court indictment from the Probation Department files.

[6] Since this claim has no merit, any ineffective assistance of counsel claim based thereon is also meritless.

knowledge or approval[.]" and failing to raise his right to testify issue on direct appeal. **Petitioner's Motion, at 5g.** Petitioner's contention that he received ineffective assistance of counsel is governed by *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984), where the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id.* **at 689**; ***Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1995)**. Petitioner bears the burden of proving *Strickland* prejudice. *Id.* **at 1297.** If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." *Id.* **at 1290.**

The Petitioner cannot establish either prong of the *Strickland* test. His appellate counsel filed an *Anders* brief.[7] The role of an appellate counsel "as advocate requires that he support his client's appeal to the

---

[7] ***Anders v. State of California*, 386 U.S. 738 (1967).**

best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court . . . accompanied by a brief referring to anything in the record that might arguably support the appeal." **Anders, 386 U.S. at 744.** That was done in the Petitioner's case and consequently, Petitioner's claim of ineffectiveness on this basis fails.

Petitioner also asserts that his counsel was ineffective for failing to raise his right to testify claim on appeal. For the reasons set forth *infra*, Petitioner cannot establish that he was prejudiced by his counsel's failure to raise this issue on appeal.

Because Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

Therefore, the Court finds that a review of the Petitioner's motion and the relevant record evidence conclusively shows that Petitioner' s claims are meritless and his petition is denied.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence is **DENIED**. A Judgment dismissing this action is filed herewith.

Signed: May 25, 2007

Lacy H. Thornburg
United States District Judge